FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2018 AUG 29 PM 12: 19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIBC BANK USA, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL SORGHUM SOLUTIONS, LLC, et al., <br><br> Defendants. | 4:18mc3076 <br><br> Case No. 18C3417 |

## ORDER AUTHORIZING APPOINTMENT OF RECEIVER

This matter, coming before the Court on Plaintiff's Emergency Motion for Appointment of a Receiver for defendants Global Sorghum Solutions, LLC ("Global Sorghum"), Chromatin, Inc. ("Chromatin"), Chromatin Germplasm, LLC ("Germplasm"), Marathon Ag Services, LLC ("Marathon"), and Chromatin Farms, LLC ("Farms")(collectively, "Defendants", and each individually a "Defendant") filed by CIBC Bank USA ("Plaintiff") on May 14, 2018 (the "Motion"):

**THE COURT HEREBY FINDS AS FOLLOWS:**

(A) Plaintiff asserted a claim against Defendants for breach of the Loan Agreement[1] Plaintiff alleges that it made certain loans and other financial accommodations to Defendants pursuant to the Loan Agreement and that Defendants breached the Loan Agreement by committing multiple Events of Default.

(B) Plaintiff seeks approval of a receiver for Defendants' businesses.

---

[1] Each capitalized term used herein shall have the meaning ascribed to such term in the Memorandum In Support of the Emergency Motion, unless otherwise so stated.

(C) Good cause has been shown for the appointment of a receiver, including the maturity of the Loan, the complex capital structure of Defendants, the existing deadlock on the Board of Directors of one or more of Defendants, and the urgent need to pay the contract growers of Defendants' products.

(D) The appointment of a receiver is not intended to be, nor shall it be, and election of remedies by Plaintiff, and Plaintiff expressly reserves all of its rights and remedies against Defendants and the collateral under the Loan Documents and applicable law with respect to the debt owed by Defendants to Plaintiff.

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties hereto are of diverse citizenship.

2. Proper and adequate notice of the hearing on the Motion was given to Defendants.

3. The appointment of a receiver over Defendants' property and businesses with management powers vis-à-vis Defendants and their businesses is necessary for the protection of Defendants' assets and operations. Based upon all of the facts and circumstances of this case, federal law, and the Loan Agreement, Plaintiff is entitled to the appointment of a receiver.

4. As of the date of the docketing of this Order with the Clerk of the Court (the "Effective Date"), Novo Turnaround Advisory Group ("Receiver") is hereby appointed; and the receivership (the "Receivership") shall be hereinafter referred to as the "Receivership Estate." Receiver shall be entitled to reasonable compensation and reimbursement of reasonable and actual out-of-pocket expenses (pursuant to the procedures set forth herein); provided, however, any fees and expenses incurred by Receiver and any Professionals during the Receivership in excess of the aggregate amounts set forth in the Budget (as defined herein), shall be subject to approval by Plaintiff in writing. Receiver's bond is hereby waived.

5. On the Effective Date, Receiver is authorized to: (i) take possession, custody and control of all of Defendants' business operations, assets, and property, of whatever nature, including, without limitation, the Collateral (collectively, the "Assets and Operations"), subject to all existing liens and claims, and (ii) perform all services and take all actions necessary or advisable to oversee, carry on, manage, care for, maintain, repair, insure, protect, and preserve (collectively, "Manage") the Assets and Operations, without further order of the Court.

6. Receiver is authorized, but not required to perform all obligations of Defendants under the Loan Documents, in accordance with, and subject to, the terms of this Order, as may be amended or supplemented from time to time with Plaintiff's written approval, and the budget to be submitted to Plaintiff by Receiver (the "Budget"), which Budget is subject to Plaintiff's approval in its sole and absolute discretion.

7. Subject to the terms and conditions of the Loan Agreement and such other instruments, documents, and agreements as Plaintiff may require Receiver to execute in connection with any funds advanced by Plaintiff to Receiver on behalf of Defendants', Receiver is hereby authorized but not required to borrow funds on behalf of Defendants from Plaintiff, only to the extent consented to by Plaintiff in its sole discretion and without any commitment to do so, for expenditures set forth in the Budget, which advances shall constitute part of the Obligations and shall be secured by all of the Collateral, including without limitation all assets acquired after the appointment of the Receiver. Receiver shall not borrow funds from any other third party during the Receivership unless and until: (i) such other potential third party executes and delivers to Plaintiff or its designee, successors, or assignees a subordination agreement or standby agreement (acceptable in substance and form to Plaintiff, which acceptance shall not be unreasonably withheld), subordinating its liens and claims to those of Plaintiff and subordinating repayment of the indebtedness due to it to the repayment in full of the Obligations and (ii) the entry of an order of the Court authorizing, but not directing, Receiver to enter into

any such subordinate financing. Receiver shall not be obligated to advance any of its own funds to pay an expense or Obligations or other liability of Defendants.

8. Except as set forth herein, as of the Effective Date, Defendants and any and all persons in possession or having possession, custody, or control over any of the Assets and Operations, or any other property of any kind or interest therein belonging to Defendants, shall promptly surrender and deliver such property to Receiver.

9. All persons and entities now or hereafter in possession of or using any assets of Defendants, whether pursuant to any contract, lease or other occupancy, operating, use or service arrangement or otherwise, obligated to make payments to Defendants, or otherwise indebted to Defendants, are hereby ordered to continue paying all Revenues (as defined herein) now due and owing, or hereafter becoming due, in the ordinary course, with such payment being made to Receiver.

10. Receiver shall faithfully discharge its duties under this Order and obey all orders of the Court. Receiver shall collect all Revenues (as defined herein) of Defendants and apply the proceeds to the payment of the Obligations in accordance with the terms of the Loan Agreement and, to the extent funds are available from Revenues and borrowing under the Loan Agreement, pay any and all reasonable and necessary expenses in managing the Assets and Operations pursuant to the Budget. Receiver shall not destroy any documents or records of Defendants without further order of the Court.

11. Receiver and Defendants are hereby jointly directed to inventory the Assets and Operations and to make an accounting of same. Receiver shall file with the Court an inventory report and accounting within thirty (30) days from the Effective Date, and thereafter shall file any and all reports as may be required by the Court from time to time.

12. Receiver may apply to this Court by motion and upon notice to all parties in interest for further or other authority as may be necessary in the performance of its duties hereunder.

13. Receiver shall be named as a primary insured party on existing insurance coverage for Defendants' Assets and Operations and, Receiver is authorized to obtain and pay (in accordance with the Budget) the premiums for additional insurance for Defendants or for Receiver (including, without limitation, an error and omissions policy and an umbrella policy) for Defendants' Assets and Operations and to maintain the policies otherwise in accordance with the Loan Documents.

14. Receiver shall have and enjoy all of the powers, immunities, privileges, and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order. Without limiting any other rights or immunities Receiver may have at law or in equity, except for an act of willful malfeasance or gross negligence, Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, Plaintiff, Defendants or their clients, associates, subsidiaries, affiliates, officers, directors, agents or employees, or by any of its creditors or equity holders because of an act performed or not performed by Receiver or its agents or assigns in connection with the discharge of the duties and responsibilities hereunder.

15. All written notices called for under this Order shall be: (i) delivered in person; (ii) sent by email; or (iii) mailed, postage prepaid, by overnight express carrier, addressed in each case as follows:

To Plaintiff:  CIBC Bank USA
Attn: Hugh Wilder
120 S. LaSalle Street
Chicago, Il 60603
Hugh.Wilder@cibc.com

with a copy to:  Thompson Coburn, LLP
Attn: David A. Warfield
One U.S. Bank Plaza, Suite 3200
St. Louis, MO 63101
dwarfield@thompsoncoburn.com

To Receiver:  Novo Turnaround Advisory Group
Attn: Sandeep Gupta
357 West Chicago Ave, Suite 200
Chicago, IL 60654
sgupta@novo-advisors.com

with a copy to:  Bryan Cave Leighton Paisner, LLP
Attn: Eric S. Prezant
161 N. Clark Street, Suite 4300
Chicago, IL 60601
eric.prezant@bclplaw.com

All notices shall be deemed received and effective: (i) if delivered in person, upon personal delivery; (ii) if sent by email, on the day sent if a business day and received during business hours, or if such day is not a business day or receipt is outside of business hours, then on the next business day; or (iii) if sent by overnight express carrier, on the next business day immediately following the day sent.

16. On the Effective Date, without further order of the Court, Receiver shall be instructed to conduct all affairs connected with the Assets and Operations, including, without limitation, being authorized (but not obligated) to do any and all of the following acts:

(i) to take immediate possession of, custody of, and control over all of the Assets and Operations and all other property and assets of Defendants;

(ii) to supplant any rights or powers of Defendants to manage the Assets and Operations;

(iii) to retain and pay professionals (e.g. counsel, investment bankers, etc.) ("Professionals") to advise and assist Receiver with management of the Assets and Operations and to protect and preserve the interest and rights of Receiver in fulfilling its duties hereunder, including, without limitation, Professionals that are currently or have previously been engaged by Defendants;

(iv) to collect and receive all earnings, rents, issues, income, profits, and other revenues (the "Revenues") of Defendants' Assets and Operations now due and unpaid;

(v) to take and have complete and exclusive control over any and all bank accounts of Defendants and all balances and funds therein, and (a) continue to maintain and utilize Defendants' deposit accounts, which shall be used exclusively for deposits and disbursements of the Revenues and funds of the Receivership Estate and (b) direct payors to deposit funds due and owing to Defendants in the Depository Accounts;

(vi) to obtain any and all financial records, statements, and other documents pertaining to Defendants from any bank, credit union, savings and loan association, insurance company, or other financial institution;

(vii) to market and sell Defendants' Assets and Operations, provided that (a) any such sales out of the ordinary course of business shall be subject to the prior written approval of Plaintiff; (b) Receiver shall provide at least ten (10) business days prior written notice of any sale, where the sale price is for greater than $25,000, to all holders of liens and security interests against such Assets and Operations; and (c) any sale of all or substantially all of the Assets and/or Operations of any given Defendant or all Defendants shall be by public sale and shall be subject to approval by further order of the Court. The proceeds of any sale or other disposition of all or any portion of Defendants' Assets or Operations shall be held in constructive trust by Receiver for the exclusive benefit of Plaintiff and promptly remitted to Plaintiff unless and until all of Defendants' obligations to Plaintiff are indefeasibly paid in full in cash and the Loan Agreement is terminated, unless otherwise directed by order of the Court; any Assets and Operations or proceedings thereof remaining after payment of all of Defendants' obligations to Plaintiff in full shall be held by Receiver in constructive trust for the benefit of junior secured and unsecured creditors in the order of priority to be disbursed upon entry of further order of the Court. Notwithstanding the requirements of 28 U.S.C.A. § 2001(b), Receiver shall be allowed to sell personal property through public or private sale(s), upon prior written approval of Plaintiff, and shall not be restricted by the private sale requirements of 28 U.S.C. § 2001(b);

(viii) to file or resolve to file a bankruptcy petition on behalf of the Defendants;

(ix) to initiate any litigation and/or administer, manage, and take exclusive control over any legal action, claim, lawsuit, or other proceeding to which Defendants are currently, or may become in the future, a party, whether as plaintiff, defendant, cross-plaintiff or cross-defendant, counterclaimant, third-party plaintiff, third-party defendant, claimant, intervenor, or other capacity;

(x) to continue utilizing the services of Defendants' personnel (all of whom shall be subject to Receiver's oversight and authority and shall be answerable solely to Receiver to conduct the day-to-day operations of Defendants);

(xi) to maintain detailed accounting records, supplied to the Court and Plaintiff upon request, consisting of an itemized account of the Revenues and any other funds received by or on behalf of Receiver and operating expenses and other disbursements by or on behalf of Receiver, and reporting all changes in the Assets and Operations in Receiver's charge, or claims against the Assets or Operations, that have occurred during the period covered by the report, and to file such reports of receipts and disbursements under oath as required by the Court;

(xii) to take possession of or, if needed, to recover (and the U.S. Postal Service and all courier or delivery services shall be directed to release to Receiver or its designees), all mail or packages addressed to Defendants at any of Defendants' locations;

(xiii) to hire and terminate Defendants' personnel, and to adjust the salaries or compensation of any such personnel, in Receiver's discretion (and with Plaintiff's

written approval with respect to senior management, which approval shall not be unreasonably withheld);

(xiv) to borrow funds on behalf of Defendants as described in this Order to the extent consented to by Plaintiff in its sole discretion without any commitment to do so;

(xv) to take any action necessary to ensure that all licenses required under federal, state, or local law to operate Defendants' businesses are maintained;

(xvi) pursuant to 28 U.S.C. §754, within ten days after the Effective Date, to file a copy of the Complaint and this Order in each district where any of the Collateral is located; and

(xvii) to take all other actions as may be deemed advisable or appropriate to carry out the duties, powers, and authorizations granted to Receiver or to maximize the value of the Assets and Operations.

17. On the Effective Date, Defendants and where applicable Defendants' officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, and all other persons in active concert or participation with Defendants:

(i) shall surrender possession of all of the Assets and Operations to Receiver, and all other property and assets of Defendants, of whatever nature and wherever located, belonging to Defendants, or in which Defendants has or asserts an interest, whether such property and assets are in the possession of Defendants, any affiliate of Defendants, or any of their officers, directors, partners, shareholders, representatives, professionals, employees, or agents, or any other person or entity, and all of such property and assets shall be, on the Effective Date, placed in custodia legis of the Court;

(ii) shall be enjoined, stayed, and prohibited from, other than in proceedings before this Court, taking any action for or on behalf of Defendants, interfering in any way with the actions of Receiver (or any agent or other designee of Receiver authorized hereunder or by order of the Court) with regard to Defendants, disposing of, concealing, or hypothecating in any manner any property or assets of Defendants, and the directors, officers, and/or agents of Defendants no longer have the authority to convey, mortgage, or pledge any property and assets of Defendants or to bind Defendants to any obligations;

(iii) shall be required to immediately provide access, means of access, and make available to Receiver all keys, books, records, computer hardware and software (including all computer programs, data bases, disks, and other media owned or licensed by Defendants or upon which information regarding the property, assets, accounts, and businesses of Defendants are stored, recorded, or located), mail, and correspondence addressed to or which may contain information regarding the businesses, affairs, Assets and Operations of Defendants, and other property and assets of Defendants; provided, however, that to the extent Receiver seeks access to such mail and correspondence by parties other than Defendants, the

    obligation of such parties to produce shall be subject to any and all applicable privileges;

 (iv) shall immediately disclose to Receiver the nature, amount, and location of any and all property and assets of Defendants, including, books, records, computer programs, and media owned by Defendants or connected with businesses of Defendants, and shall immediately turnover to Receiver all property and assets of Defendants forthwith;

 (v) shall cooperate with Receiver and abide by Receiver's requests for information and documentation so that Receiver may perform Receiver's function with full information and knowledge; and

 (vi) shall not interfere with or hinder in any way whatsoever the operations or authority of Receiver.

18. Subject to Plaintiff's right to object pursuant to Paragraph 18 above, and so long as the fees and expenses do not exceed the aggregate amount set forth in the Budget (unless approved in writing by Plaintiff), Plaintiff shall be responsible for payment for services rendered and reimbursement of expenses incurred by Receiver and any Professionals to the extent the Revenues or proceeds of the Assets and Operations are insufficient or unavailable to pay the same.

19. Receiver is entitled to compensation on an hourly basis not to exceed $525.00 per hour, plus reimbursement of actual out-of-pocket expenses for Receiver's services in performing the rights and duties described in this Order. Receiver is authorized to pay itself such compensation monthly from the net proceeds from the Receivership Estate upon the consent of Plaintiff and so long as periodic applications are filed with the Court to approve the fees and expenses paid.

20. This Receivership shall terminate upon the earlier of: (i) approval of Receiver's final report by the Court after all of the Assets and Operations are sold at a trustee's sale, foreclosure sale, UCC sale, or other sale or disposition by Receiver or Plaintiff or (ii) such other time as the Court orders.

21. Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals, Receiver may enter and secure any premises,

wherever located or situated, in order to take possession, custody or control of, or to identify the location or existence of, Receivership Estate assets or records. Receiver may seek to compel the attendance of a person or entity for examination and/or production of documents in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located.

22. Nothing in this Order shall be construed to impair or otherwise affect Plaintiff's rights or remedies under the Loan Documents or applicable law.

23. This Order shall be in full force and effect as of the Effective Date and there is no just cause for delay.

May 15, 2018
Chicago, Illinois

_____
Hon. Edmond E. Chang
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIBC BANK USA, an Illinois state banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL SORGHUM SOLUTIONS, LLC, a Delaware limited liability company,<br><br>CHROMATIN, INC., a Delaware corporation,<br><br>CHROMATIN GERMPLASM, LLC, a Delaware limited liability company,<br><br>CHROMATIN HOLDING, LLC, a Delaware limited liability company,<br><br>MARATHON AG SERVICES, LLC, a Delaware limited liability company,<br><br>CHROMATIN FARMS, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 18 CV 3417<br><br>Judge Edmond E. Chang<br>Magistrate Judge Sheila Finnegan |

## ORDER AMENDING ORDER AUTHORIZING APPOINTMENT OF RECEIVER

This cause coming to be heard on Plaintiff's Motion to Amend by Interlineation Order Authorizing Appointment of Receiver, due notice having been given, no objection having been received, the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Amend by Interlineation Order Authorizing Appointment of Receiver is granted.

2. The second line of the first paragraph of this Court's May 15, 2018 Order Authorizing Appointment of Receiver (Dkt. No. 7) ("Receivership Order") is amended by inserting the words "Chromatin Holding, LLC ("Holding")," between the words "defendants" and "Global."

3. The appointment of a Receiver for Chromatin Holding, LLC shall be on the same terms and conditions set forth in the Receiverhip Order, and such amendment

shall be effective *nunc pro tunc* to May 15, 2018. All other provisions of the Receivership Order shall remain in full force and effect.

June 6, 2018   Entered: _____Edmund E. Chang_____

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
Eastern Division

CIBC Bank USA

                                           Plaintiff,

v.                                                         Case No.: 1:18–cv–03417
                                                         Honorable Edmond E. Chang

Global Sorghum Solutions, LLC, et al.

                                           Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 24, 2018:

      MINUTE entry before the Honorable Edmond E. Chang: Receiver's agreed motion [36] for reappointment is granted. The Court hereby reappoints Novo Turnaround Advisory Group as the Receiver on the same terms and conditions and with the same rights, powers, and privileges as set forth in the Receivership Order. Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
### Eastern Division

CIBC Bank USA

                          Plaintiff,

v.                                              Case No.: 1:18–cv–03417
                                                       Honorable Edmond E. Chang

Global Sorghum Solutions, LLC, et al.

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 24, 2018:

      MINUTE entry before the Honorable Edmond E. Chang: Receiver's agreed motion [36] for reappointment is granted. The Court hereby reappoints Novo Turnaround Advisory Group as the Receiver on the same terms and conditions and with the same rights, powers, and privileges as set forth in the Receivership Order. Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT 2